## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 0:22cv61407

| | |
|---|---|
| SHENZHEN HAPPY VAPING TECHNOLOGY LTD., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )    JURY TRIAL DEMANDED |
| LOGIC TECHNOLOGY DEVELOPMENT LLC, and JAPAN TOBACCO INTERNATIONAL U.S.A., INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shenzhen Happy Vaping Technology Ltd. (hereinafter "Vaping Technology"), through its attorneys, complains against Defendants Logic Technology Development LLC (hereinafter "Logic Tech") and Japan Tobacco International U.S.A., Inc. (hereinafter "JT Int'l") (collectively hereinafter "Defendants") and alleges the following:

**PARTIES**

1. Plaintiff Vaping Technology is a Chinese corporation organized and existing under the laws of China and having its principal place of business at 3A Building Shaer Lantian Tech Industrial Park, Ditang Road, Shajing Town, Bao'an District, Shenzhen City, China, 518102.

1

2. On information and belief, defendant JT Int'l is a corporation organized and existing under the laws of California and having its principal place of business at Glenpointe Centre East, 300 Frank W. Burr Blvd, Suite 70, Teaneck, New Jersey, 07666.

3. On information and belief, Logic Tech is a corporation organized and existing under the laws of Delaware and having its principal place of business at Glenpointe Centre East, 300 Frank W. Burr Blvd, Suite 70, Teaneck, New Jersey, 07666. On information and belief, Logic Tech is a subsidiary of JT Int'l.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code.

5. This Court has jurisdiction over the subject matter of this action under Title 28 of the United States Code, Sections 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants pursuant to due process and the Florida Long-Arm Statute, because, *inter alia*, this action arises from acts by Defendants directed toward Florida and because Defendants have purposefully availed themselves of the rights and benefits of Florida law by engaging in systematic and continuous contacts with Florida. Defendants regularly and continuously transact business within the State of Florida by selling electronic cigarettes ("e-cigarettes") and other products in Florida, either on its own or through its affiliates. Upon information and belief, Defendants derive substantial revenue from the sale of those products in Florida and have availed themselves of the privilege of conducting business within the State of Florida.

7. Upon information and belief, both Defendants use the same registered agent in Florida, in particular, Corporation Service Company in Tallahassee, Florida, and both Defendants file annual reports with the Florida's Secretary of State. Upon information and belief, Defendant Logic Tech established and maintained, during at least a portion of the relevant timeframe, an office at 2004 NW 25th Avenue, Pompano Business Center, Pompano Beach, Florida.

8. Upon information and belief, during a portion of the relevant dates and at the time this complaint was filed, Defendant JT Int'l maintained a physical office at 9130 S. Dadeland Blvd in Miami, Florida.

9. Upon information and belief, Defendant JT Int'l represented, in filings with Florida's Secretary of State, that the address of its Title Director, Mr. John Colton, is located at 501 Brickell Key Drive in Miami, Florida.

10. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, this Court has personal jurisdiction over Defendants.

## **VENUE**

11. Venue is proper in this Judicial District under Title 28 of the United States Code, Sections 1391(b) and (c), and 1400(b). In addition, upon information and belief, Defendants have committed acts of infringement in this District, including having sold and offered to sell e-cigarettes, including the e-cigarette branded as Logic Pro, (collectively referenced hereinafter as "Infringing E-Cigarette Products"). Furthermore, upon information and belief, Defendants have established, and during at least a portion of the relevant dates, maintained a regular and physical place of business in this District as discussed in the paragraphs 6 through 10 above.

12. For these reasons, and for other reasons that will be presented to the Court if venue is challenged, venue in this District is proper.

## FACTUAL BACKGROUND

13. Vaping Technology is the owner by assignment of all rights, title, and interest in and to United States Patent No. 9,924,744 (hereinafter "the '744 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '744 Patent. Accordingly, Vaping Technology possesses the exclusive right and standing to prosecute the present action for infringement of the '744 Patent by Defendants.

14. On March 27, 2018, the United States Patent and Trademark Office duly and lawfully issued the '744 Patent, entitled "ELECTRONIC CIGARETTE HAVING THREE CONNECTION PORTIONS." See Exhibit 1, which is attached hereto and is incorporated by reference as is fully set forth herein, and which is a true and correct copy of the '744 Patent.

15. The '744 Patent discloses an e-cigarette arrangement where a vaporizer can be removed from the e-cigarette casing tube, thereby allowing users to replace the vaporizer without replacing the e-cigarette casing tube.

16. Upon information and belief, Defendants have sold and continue to sell e-cigarettes that infringe the '744 Patent. One such e-cigarette has been sold under the name Logic Pro, as shown in the figure below.



17. The Logic Pro e-cigarette bears a striking resemblance to Figure 1 in the '744 Patent. As shown in the figures below, it appears as if Defendants used the '744 Patent to design the Logic Pro e-cigarette.



*Figure 1 of the '744 Patent*



*The Logic Pro E-Cigarette*

6

18.     Upon information and belief, Defendant JT Int'l and Defendant Logic Tech are part of a single business enterprise because, *inter alia*, JT Int'l acquired Logic Tech in 2015; both JT Int'l and Logic Tech sell e-cigarettes; both JT Int'l and Logic Tech represent that their primary place of business is located in the same city and state (Teaneck, New Jersey), at the same address (300 Frank W Burr Road), and in the same suite (Suite 70); and both JT Int'l and Logic Tech have common officers and executives.

## COUNT

## PATENT INFRINGEMENT

19.     Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1-18 above. Defendants have infringed and continue to infringe the '744 Patent by selling, offering for sale in the United States (including in this District), and importing into the United States the Infringing E-Cigarette Products. See Exhibit 2, which contains claim charts analyzing how each element of Claims 1, 2, and 5 of the '744 Patent are found in one of the Infringing E-Cigarette Products, thereby providing one example of how at least these claims of the '744 Patent are infringed.

20.     On information and belief, Defendants sell and offer to sell (and have sold and offered to sell) the Infringing E-Cigarette Products in this District and throughout various locations in the United States through both online and physical retailers.

21.     On information and belief, Defendants also infringe the '744 Patent by inducing others to directly infringe the '744 Patent, including by providing consumers instructions on how to use the Infringing E-Cigarette Products in a way that directly infringes the '744 Patent.

22. On information and belief, consumers of Defendants' Infringing E-Cigarette Products use the Infringing E-Cigarette Products in a manner that directly infringes claims of the '744 Patent.

23. Upon information and belief, Defendants knew that the '744 Patent existed before selling the Infringing E-Cigarette Products.

24. Even if Defendants claim that they did not know of the '744 Patent before receiving this complaint, Defendants' actions constitute willful blindness to the existence of the '744 Patent. Upon information and belief, Defendants are part of Japan Tobacco, Inc., a sophisticated, well-funded organization familiar with the patent system. Upon information and belief, Defendants are wholly owned subsidiaries of Japan Tobacco, Inc., which owns numerous patents, including patents on e-cigarette products. Japan Tobacco has existed, in various forms, since the 19th Century. Upon information and belief, Japan Tobacco, Inc.'s brands include Camel, Salem, and Winston brands, among other well-known brands.

25. Since at least March 27, 2018, Defendants have knowingly and actively induced, and continue to knowingly and actively induce, direct infringement of one or more claims of the '744 Patent, with specific intent to encourage another's direct infringement, in violation of Title 35, United States Code, Section 271(b).

26. Upon information and belief, Defendants knew that combining the components in the Infringing E-Cigarette Products would be used in a manner that directly infringes the '744 Patent. The Infringing E-Cigarette Products have no substantial noninfringing use and are arranged for use as described in the claims of the

'744 Patent. Furthermore, the Infringing E-Cigarette Products, as imported, sold, and shipped, are material components to the arrangement covered by the '744 Patent.

27.     Since at least March 27, 2018, Defendants have contributed to, and continue to contribute to, infringement of one or more claims of the '744 Patent, in violation of Title 35, United States Code, Section 271(c).

## WILLFULNESS

28.     On information and belief, since March 27, 2018, Defendants have been aware of the '744 Patent, and have known, or should have known, that its actions as described above, including in paragraphs 13 through 27, constitutes infringement of the claims of the '744 Patent, and that Defendants' provision of instructions and Infringing E-Cigarette Products to consumers, including as described in paragraphs 13 through 27 above, actively induces infringement of claims of the '744 Patent. Evidence of Defendants' awareness of the '744 Patent includes, but is not limited to, the striking resemblance between the appearance of the Infringing E-Cigarette Products and the figures in the '744 Patent. Further evidence includes the clear inclusion of each and every element of at least claims 1, 2, and 5 of the '744 Patent in the Infringing E-Cigarette Products. Moreover, Defendants are part of a sophisticated organization familiar with patents on e-cigarettes and similar products.

29.     On information and belief, since at least on the date on which this Complaint was served informally on and received by Defendants, Defendants have had notice of the '744 Patent, and have known, or should have known, that its actions as described above, including in paragraphs 1 through 28, constitutes infringement of claims of the '744 Patent, and that Defendants' provision of instructions and Infringing E-

Cigarette Products to consumers, including as described in paragraphs 13 through 28 above, actively induces infringement of claims of the '744 Patent.

30. On information and belief, since at least March 27, 2018, Defendants' infringement of the '744 Patent has been, and continues to be, deliberate and willful.

## INJURY

31. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 30 above. As a result of the acts of infringement complained of herein, Vaping Technology has been damaged in its business and property in an amount not yet determined, and Vaping Technology will continue to be damaged by such acts in the future.

32. Plaintiff is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. Section § 284.

33. On information and belief, Defendants likely will continue to infringe claims of the '744 Patent, unless enjoined by order of this Court.

## DEMAND FOR JURY TRIAL

34. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VAPING TECHNOLOGY respectfully requests:

(a) A judgment by this Court finding, declaring, and adjudging in favor of Plaintiff, and declaring Plaintiff's '744 Patent to be infringed by Defendants, not invalid, and enforceable;

(b) An injunction under 35 U.S.C. § 283 permanently enjoining Defendants, and its officers, agents, employees, servants, and all those acting in concert with them, from further acts of infringement of the '744 Patent;

(c) An accounting and an award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for infringement of the '744 Patent by Defendants, and in no event less than a reasonable royalty, together with prejudgment interest and costs as fixed by the Court;

(d) A judgment by the Court that Defendants' infringement of the '744 Patent claims has been deliberate and willful and for a trebling of the damages found or assessed as a result of its infringement of said patent;

(e) A declaration that this case is exceptional, and an award to Plaintiff of reasonable attorneys' fees, expenses, and costs under 35 U.S.C. § 285; and

(f) An award of such other and further relief as the Court may deem just and proper.

Dated: July 28, 2022

                                        Respectfully submitted,

                                        Shenzhen Happy Vaping Technology Ltd.

                                    By: /s/ Jeff Pearson
                                        Jeff Pearson
                                        Florida Bar No.: 30541
                                        Mei & Mark LLP
                                        1825 N.W. Corporate Blvd.
                                        Suite 110
                                        Boca Raton, Florida 33431
                                        888-860-5678
                                        jpearson@meimark.com

                                        Counsel for Plaintiff
                                        Shenzhen Happy Vaping Technology Ltd.