IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SHENZHEN HAPPY VAPING TECHNOLOGY LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LOGIC TECHNOLOGY DEVELOPMENT LLC, and**<br>**JAPAN TOBACCO INTERNATIONAL U.S.A., INC.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 0:22-cv-61407-RS** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | | FACTUAL AND PROCEDURAL BACKGROUND.................................................................... | 1 |
| | A. | The Complaint and Pending Motions ................................................................... | 1 |
| | B. | Plaintiff's First Set of Discovery Requests............................................................ | 2 |
| | C. | The Parties' Meet-and-Confer ............................................................................... | 3 |
| II. | | ARGUMENT.................................................................................................................. | 3 |
| | A. | Plaintiff's Motion is Time-Barred Under Local Rule 26.1(g)(2)(A)(i) and Fails to Comply with the Formality Requirements of the Local Rules .................. | 3 |
| | B. | Plaintiff's Motion is Improper Under the Federal Rules of Civil Procedure in View of the Procedural Posture of This Case ..................................................... | 5 |
| | C. | Plaintiff's Discovery Requests Improperly Seek Jurisdictional Discovery to Support Plaintiff's Opposition to Defendants' Motion to Dismiss .................... | 7 |
| | D. | Plaintiff's Speculation is Irrelevant to the Requested Relief ............................... | 10 |
| III. | | CONCLUSION............................................................................................................. | 10 |

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blue Water Innovations, LLC v. Vevazz, LLC*,
  No. 6:20-cv-774-Orl-78DCI, 2020 WL 6828950 (M.D. Fla. Oct. 29, 2020) ...................... 9, 10

*Habersham Plantation Corp. v. Molyneux*,
  No. 10-61526-CIV, 2011 WL 1832782 (S.D. Fla. May 5, 2011) ............................................. 4

*Manno v. Healthcare Revenue Recovery Grp., LLC*,
  No. 11-61357-CIV, 2012 WL 1409532 (S.D. Fla. Apr. 23, 2012) ........................................... 4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ............................................................................................................ 6

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) .............................................................................................. 9

*Vision Media TV Grp., LLC v. Forte*,
  724 F. Supp. 2d 1260 (S.D. Fla. 2010) .............................................................................. 9, 10

*Wai v. Rainbow Holdings*,
  315 F. Supp. 2d 1261 (S.D. Fla. 2004) .................................................................................. 6

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................. 5, 6, 8

Fed. R. Civ. P. 34 ......................................................................................................................... 6

S.D. Fla. L.R. 26.1 .................................................................................................................. 3, 4

Defendants Logic Technology Development LLC ("Logic") and Japan Tobacco International U.S.A., Inc. ("JTI USA") (collectively, "Defendants") respectfully oppose Plaintiff's Motion to Compel Defendants to Respond to Plaintiff's First Set of Requests for Production (ECF 38).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Complaint and Pending Motions

Plaintiff filed its Complaint (ECF 1) on July 28, 2022, alleging patent infringement of U.S. Patent No. 9,924,744 (the '744 patent) by the Logic Pro device. ECF 1, ¶¶ 19-33. On December 15, 2022, Defendants filed a Motion to Dismiss for Improper Venue or to Transfer Venue (ECF 13) ("Defendants' Motion to Dismiss"), supported by sworn affidavits, and explaining that none of the Florida addresses identified in the Complaint is a "regular and established place of business" of either Defendant, which maintain a principal office in New Jersey. *See* ECF 13. Plaintiff filed its Response to Defendants' Motion to Dismiss (ECF 17) ("Response") on December 29, 2022, followed by an Amended Complaint (ECF 21) on January 5, 2023[1]. These filings alleged a novel joint enterprise theory for patent venue that continued to rely on the same addresses in Florida as the original Complaint. *See* ECF 21. In its Response, Plaintiff proposed venue-related discovery only if the Court found that venue was not proper. ECF 17 at 6, 11 ("If this Court does not find that venue is proper based on the facts herein, then Plaintiff respectfully requests that this Court allow Plaintiff an opportunity to conduct discovery on the relevant issues."). This informal request was supported by only a single citation to another district's standard for obtaining jurisdictional

---

[1] Defendants renewed its Motion to Dismiss as to Plaintiff's Amended Complaint on January 17, 2023. *See* Defendants' Notice to Reassert Motion to Dismiss for Improper Venue or to Transfer Venue (ECF 24).

1

discovery. *Id.* Plaintiff never formally moved for venue-related discovery, and the Court never ruled on this informal request, which Defendants opposed. *See* ECF 25.

Defendants filed a Motion to Stay Discovery and Other Deadlines (ECF 30) ("Motion to Stay") on February 17, 2023. In its response to the Motion to Stay, Plaintiff again reiterated its improper request for jurisdictional discovery and stated that "[d]elay of discovery causes unnecessary delay and deprives Plaintiff and this Court of important facts that are not only relevant to the merits of this case, but also to the issue of venue, which is pending before this Court." ECF 31 at 8.

### B. Plaintiff's First Set of Discovery Requests

On February 6, 2023, while Defendants' Motion to Dismiss was pending, and before this Court ruled on Plaintiff's informal request for jurisdictional discovery, Plaintiff served its First Set of Requests for Production ("Plaintiff's RFPs"). ECF 30-1. Plaintiff's RFPs included an expansive set of requests for production, seeking documents covering a period of over 10 years, physical samples of Defendants' products, and information regarding the officers and corporate relatedness of various corporate entities related to the Defendants. *See, e.g.*, ECF 30-1 at RFPs 36, 37, 39.

In view of Plaintiff's improper discovery requests, Defendants served Responses and Objections to Plaintiff's RFPs ("Defendants' Responses and Objections") on March 8, 2023. ECF 38-9. Among other things, Defendants objected to the requests for being premature and improperly seeking jurisdictional discovery. Specifically, Defendants' objections stated:

> Defendants further object to the discovery requests as premature and improper. Plaintiff never sought leave to serve jurisdictional discovery and Plaintiff's informal request for jurisdictional discovery in its December 29, 2022, Opposition to Defendants' Motion to Dismiss, which is improper and Defendants opposed, has not yet been ruled on by the Court. Because the discovery requests propounded by Plaintiff include numerous requests for production that seek jurisdictional discovery, the discovery requests are premature and improper.

2

ECF 38-9 at 3. Additionally, Defendants generally objected to each of Plaintiff's RFPs "as premature in that it seeks information prior to the start of discovery." *See, e.g.*, ECF 38-9 at 8.

On March 23, 2023, Plaintiff, via email, indicated its intent to narrow the scope of its discovery requests. *See* ECF 38-2. However, Plaintiff continued to request production of the same expansive subject matter covered by its initial RFPs. *Id.* Plaintiff continued to seek electronically stored information ("ESI") related to non-asserted patents and searches for fifteen (15) custodians, many of which were identified in Plaintiff's opposition to Defendants' Motion to Dismiss. *Id.*

### C.  The Parties' Meet-and-Confer

On November 10, 2022, the Court ordered the parties to prepare and file a Joint Scheduling Report. ECF 10. The parties met and conferred on scheduling-related issues, and subsequently submitted a Joint Scheduling Report. ECF 11. The parties discussed Plaintiff's intent to amend its pleadings, Defendants' seeking of dismissal of the action for improper venue, and other scheduling-related topics.

## II.  ARGUMENT

### A.  Plaintiff's Motion is Time-Barred Under Local Rule 26.1(g)(2)(A)(i) and Fails to Comply with the Formality Requirements of the Local Rules

As an initial matter, Plaintiff is not entitled to relief because the Motion to Compel (ECF 38) is untimely. Local Rule 26.1(g)(2)(A)(i), S.D. Fla. L.R., prescribes a specific time period for filing discovery-related motions:

> A party must submit any discovery dispute to the Court by service of a motion . . . within the time periods set forth in (i)-(iv), as applicable:
> (i) for a discovery dispute relating to a written response or objection to a discovery request or to a privilege log, a party shall submit the dispute *within twenty-eight (28) days of service of the written response or objection* that is the subject of the dispute.

(emphasis added). Here, Defendants served objections to Plaintiff's RFPs on March 8, 2023, clearly challenging the requests as premature and improper. *See* ECF 38-9 at 41-43. Plaintiff acknowledged this, stating that "Defendants provided blanket objections to the First Set of RFPs and refused to provide a single document." ECF 38 at 6. Fully aware of Defendants' objections to its production requests, Plaintiff had until April 5, 2023 to file any motions to compel discovery. However, Plaintiff failed to do so in a timely manner and submitted its Motion to Compel on April 24, 2023—*19 days late*. *See* ECF 38 at 13.

Local Rule 26.1(g)(2)(B), S.D. Fla. L.R., specifically provides a penalty for late filings:

> Failure to submit a discovery dispute to the Court within the time periods set forth in (A)(i)-(iv), absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief.

Plaintiff does not even attempt to make a showing of good cause for its late filing. *See* ECF 38. Courts in this district have repeatedly denied motions to compel when the moving party fails to provide "a valid reason to excuse the untimely filing." *See Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) (denying motion to compel for being three days late without a valid excuse); *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 1832782, at *4 (S.D. Fla. May 5, 2011) (striking entire motion to compel as untimely). Because Plaintiff did not move to compel within 28 days of receipt of Defendants' objections and failed to provide any excuse for its late filing, this Court should deny the motion in its entirety.

Additionally, Plaintiff's motion fails to comply with Local Rule 26.1(g)(3), S.D. Fla. L.R., which provides that "a discovery motion . . . [is] limited to ten (10) pages." *See* ECF 38 (presenting 12 pages of argument). This local rule is not discretionary. Consequently, Plaintiff's failure to comply with it provides a further ground for striking its motion.

### B. Plaintiff's Motion is Improper Under the Federal Rules of Civil Procedure in View of the Procedural Posture of This Case

Furthermore, Plaintiff's service of its first set of RFPs was in violation of Fed. R. Civ. P. 26 (d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have not discussed or submitted a complete discovery plan pursuant to Rule 26(f)(3) addressing the case-specific discovery details prescribed therein. In view of this procedural posture, Plaintiff's service of requests for production was improper.

Moreover, Plaintiff's demand that Defendants respond "within 30 days" of this untimely service (ECF 30-1 at 1) is improper under Fed. R. Civ. P. 34(b)(2)(A), which states that responses to such early requests are not due until "30 days after the parties' first Rule 26(f) conference." The prescribed time period for response has not yet elapsed—or even begun—because a Rule 26(f) conference has not yet occurred. Plaintiff never grapples with the timing requirements set forth in the Federal Rules, focusing instead on only discovery scope. *See, e.g.*, ECF 38 at 8 (setting forth the standards for discovery content but overlooking the legal authority setting forth the timing requirements).

During the meet-and-confer for this motion, Plaintiff's counsel took the position that Rule 26(f) has been satisfied by the parties' discussions prior to submitting the Joint Scheduling Report (ECF 11). But as the Joint Scheduling Report shows, the parties' discussions focused on scheduling-related issues, and Defendants maintained their position that venue is improper in this District. ECF 11. Also, the parties did not present a "discovery plan [that] state[s] the parties' views and proposals on" the specific discovery issues set forth in Rule 26(f)(3), such as any issues regarding electronic discovery or the production of privileged documents. Accordingly, while the

parties met-and-conferred to discuss a proposed schedule, a discovery plan was not submitted with the Scheduling Report, nor has the Court ordered the parties to develop and submit one at this time.

Plaintiff also argues on the superfluous pages of its motion that "Defendants cannot use dispositive motions as a basis to refuse discovery." ECF 38 at 15. But Plaintiff misses the point. The procedural posture of this case reinforces why Fed. R. Civ. P. 26 and 34 are in place to safeguard against premature discovery requests. Defendants have moved to dismiss or transfer on the threshold jurisdictional issue of whether Plaintiff brought this case in an improper venue. *See* ECF 13. The motion is supported by several sworn declarations and is particularly likely to succeed on the merits because "[o]n a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper," which Plaintiff has not done here. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). Even Plaintiff's Amended Complaint relies on the same jurisdictionally deficient facts as the original one, despite Defendants' earlier explanation as to why none of the Florida addresses constitute a "regular and established place of business" of either Defendant—a requirement to show patent venue. *See* ECF 13 at 1; ECF 25 at 5-7; *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517-21 (2017); 28 U.S.C. § 1400(b). Because Defendants' Motion to Dismiss (ECF 13) is meritorious and case dispositive, Defendants further moved for a stay of all discovery and pending deadlines in this case until after this Court has ruled on Defendants' Motion to Dismiss. *See* ECF 30. In view of the Motion to Stay, which is fully briefed, Plaintiff's motion to compel is repetitive and wastes judicial resources, as it essentially repeats the same issues addressed in the Motion to Stay. This is improper and demonstrates the Plaintiff's disregard of the rules and lack of any facts or plausible theory to support patent venue in Florida. Further, the prohibitions in the Federal Rules of Civil Procedure on early discovery requests, like those presented by Plaintiff here, are

particularly necessary in cases with this procedural posture. The Court should not be burdened resolving discovery disputes in a case with threshold jurisdictional deficiencies and where Defendants have not yet even answered the Amended Complaint.

### C. Plaintiff's Discovery Requests Improperly Seek Jurisdictional Discovery to Support Plaintiff's Opposition to Defendants' Motion to Dismiss

Plaintiff's discovery requests improperly seek jurisdictional discovery despite failing to follow the requisite procedures to seek leave from the Court to obtain it. *See, e.g.*, ECF 30-1 at RFPs 1-10 (seeking documents related to the duties of certain individuals), RFPs 12-15 (seeking documents related to the corporate relationship between JTI USA and Logic); ECF 38-2 at 2 (seeking email and document discovery for the individuals implicated in Plaintiff's venue-based theories and organizational charts for companies related to Defendants). These requests are both procedurally improper, as Plaintiff never formally requested jurisdictional discovery, and outside the scope of discoverable information, as they are not relevant to any of Plaintiff's claims or defenses.

Under the guise of traditional discovery, Plaintiff's motion seeks this Court's permission to engage in a fishing expedition for jurisdictionally favorable information to establish patent venue where it does not exist. For example, Plaintiff seeks "[a]ll documents and things relating to the roles and responsibilities and performance of duties of" several individuals that Plaintiff speculates have executive duties at multiple entities related to the Defendants. *See, e.g.*, ECF 30-1 at 7-12; *see also* ECF 17 at 4-5, 8 (discussing same individuals named in discovery requests in opposition to motion to dismiss for improper venue). Plaintiff also seeks documents related to alleged "agreements and understandings" between various corporate entities and alleged interrelationships between them. *Id.* at 10-11. Even Plaintiff's purported informal discovery requests continue to seek this type of jurisdictional information. *See, e.g.*, ECF 38-2 at 2 (seeking

7

ESI searches for the same individuals implicated in Plaintiff's joint enterprise theory in its opposition to Defendants' motion to dismiss).

This type of jurisdictional discovery is outside the scope of Fed. R. Civ. P. 26 (b)(1), as the information sought is not "relevant to any party's claim or defense." That is, it is irrelevant to Plaintiff's cause of action for patent infringement. Plaintiff's attempts to characterize its requests in broad strokes to urge an opposite conclusion are unfounded. For example, characterizing the requests in part as "email searches of key individuals in the case" does not mask the undeniable fact that Plaintiff selected the identified individuals based on their alleged import to Plaintiff's joint enterprise theory of patent venue. *See* ECF 17 at 4-5, 8 (identifying same individuals from the discovery requests in opposition to motion to dismiss); ECF 31 at 9 (identifying same individuals from the discovery requests in Plaintiff's opposition to motion to stay).

Even Plaintiff's revised informal discovery requests seek documents well beyond the scope of its substantive allegations in the Amended Complaint. Certain requests, for example, seek production of documents discussing not only the asserted '744 patent, but also "related applications and publications." ECF 38-2 at 2. Plaintiff's motion explicitly reveals that this is "information relevant to the issue of whether venue is proper in this District," not to the issue of patent infringement. ECF 38 at 10. Plaintiff is undeniably attempting to abuse traditional discovery mechanisms to fish for facts to support a non-existent basis for venue in this District. *See id.* at n. 1 ("Plaintiff should, at a minimum, be allowed to engage in discovery on this issue [patent venue].").

While there is a proper procedure for obtaining the type of jurisdictional discovery Plaintiff seeks, Plaintiff did not follow it. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (affirming district court's denial of jurisdictional discovery where the plaintiff never

8

formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissal). Instead, Plaintiff first "request[ed] limited venue-related discovery to investigate the related corporate entities of Defendants" in passing in its Response to Defendants' Motion to Dismiss. *See* ECF 17 at 6, 11. Defendants opposed this informal request in its Reply supporting its Motion to Dismiss, pointing out that Plaintiff had not met its burden of "provid[ing] the Court with some showing establishing the need for" venue-related discovery, *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010), and "set[ting] forth the specific information sought that will establish jurisdiction," *Blue Water Innovations, LLC v. Vevazz, LLC*, No. 6:20-cv-774-Orl-78DCI, 2020 WL 6828950, at *4 (M.D. Fla. Oct. 29, 2020). *See* ECF 25. While the Court has not yet ruled on Plaintiff's informal request for jurisdictional discovery, it is nevertheless procedurally and substantively improper, warranting its denial. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (affirming district court's denial of jurisdictional discovery where the plaintiff never formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissal).

      Undeterred by its failure to properly request the jurisdictional discovery it desires, Plaintiff nevertheless served its first set of RFPs on Defendants, attempting to use traditional discovery mechanisms to obtain the venue-related discovery it failed to properly request earlier. Plaintiff was required to seek leave and demonstrate that it is entitled to venue-related discovery, which it never did. *See Blue Water*, 2020 WL 6828950 at *4-5; *Vision Media*, 724 F. Supp. 2d at 1267. Plaintiff cannot just unilaterally declare that it "should, at a minimum, be allowed to engage in discovery on this [venue-related] issue" without following the proper procedures for requesting leave and a Court order sanctioning it.

9

### D. Plaintiff's Speculation is Irrelevant to the Requested Relief

In its motion, Plaintiff speculates as to the merits of its asserted patent infringement claim and the potential damages in this case. *See* ECF 38. These allegations are neither supported by the factual record nor relevant to the requested relief. For example, while Plaintiff argues that the allegedly "infringing vaping device looks almost identical to Figure 1 of the '744 Patent," it also acknowledges that "Defendants introduced a redesigned version," and is silent with respect to any allegations specific to the later version. *See* ECF 38 at 5. Plaintiff also speculates that "significant damages" are at stake but relies on incomplete data and cartridge sales of the redesigned product in reaching this conclusion. *Id.* at 11-12. Regardless of the accuracy of Plaintiff's allegations, they are irrelevant to the requested relief and cannot excuse Plaintiff's untimely request for jurisdictional discovery and its failure to follow the proper procedures for obtaining such discovery. Further, as addressed above, Plaintiff's motion is repetitive and wastes judicial resources in view of the pending Motion to Stay, as well as Defendants' Motion to Dismiss, which addresses the threshold jurisdictional deficiencies with Plaintiff's case.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel Defendants to Respond to Plaintiff's First Set of Requests for Production.

Dated: May 15, 2023                    Respectfully submitted,

                                              **KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE**

                                              By: /s/*Terri Ellen Tuchman Meyers*
                                                  Terri Ellen Tuchman Meyers
                                                  tmeyers@klugerkaplan.com
                                                  Fla. Bar No. 881279
                                                  Marissa Reichel
                                                  mreichel@klugerkaplan.com

Fla. Bar No. 1016190
201 S. Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Telephone: (305) 379-9000

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
C. Gregory Gramenopoulos (admitted *pro hac vice*)
c.gregory.gramenopoulos@finnegan.com
Kelly Horn (admitted *pro hac vice*)
Kelly.Horn@finnegan.com
Matthew Ritter (admitted *pro hac vice*)
Matthew.Ritter@finnegan.com
901 New York Avenue, NW
Washington, DC  20001
Telephone: (202) 408-4000
